## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 36649

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 544 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 7, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| HENRY ARTHUR PETERS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and unified sentence of twelve years, with a minimum period of confinement of two years, for trafficking in marijuana, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed; and order denying motion to withdraw guilty plea, affirmed.

Molly J. Huskey, State Appellate Public Defender; Mark J. Ackley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

MELANSON, Judge

Henry Arthur Peters appeals from his judgment of conviction and sentence for trafficking in marijuana. Peters also appeals from the district court's order denying his I.C.R. 35 motion for reduction of sentence and order denying his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

A confidential informant (CI) working with police identified Peters as a drug dealer. During an investigation, police questioned Peters, who confessed to selling marijuana for two years. Peters consented to a search of his property, which resulted in the discovery of over four pounds of marijuana. Initially, Peters agreed to cooperate with police, but later failed to do so,

and was arrested for trafficking in marijuana. Pursuant to a plea agreement, Peters pled guilty to trafficking in marijuana. I.C. § 37-2732B(a)(1)(A). In exchange for Peters's guilty plea, the state agreed not to pursue any additional charges and to recommend a sentence less than the maximum penalty.

During the presentence investigation (PSI) and at the sentencing hearing, Peters recanted portions of his confession to police. Peters claimed that he sold marijuana to the CI but that the marijuana belonged to his roommate. Peters also denied having sold drugs for two years and explained that he confessed only because he was trying to protect his friend. The district court sentenced Peters to a unified term of twelve years, with a minimum period of confinement of two years.

Peters filed an I.C.R. 35 motion for reduction of sentence, which the district court denied without a hearing. Peters then filed a motion to withdraw his guilty plea. The district court also denied the motion without a hearing. Peters appeals.

## II.

## ANALYSIS

### A. Sentence Review

Peters argues that the sentence imposed was unreasonable. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the

defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Upon review of the record in this case, we cannot say that the district court abused its discretion.

**B.    Rule 35**

Peters also contends that the district court erred by denying Peters's Rule 35 motion for reduction of sentence. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Most of the information presented in support of Peters's Rule 35 motion was not new to the district court. Rather, the information presented by Peters was previously offered at sentencing. Peters attached to his motion a letter from the CI stating that, while she asked Peters for marijuana "a couple of times," she understood that the marijuana belonged to Peters's roommate. However, the district court was well aware of this assertion, as Peters made the same claim at sentencing and in the PSI. In addition, Peters presented a letter from his brother, detailing Peters's family ties and employment history. At sentencing, however, the district court was provided with evidence of Peters's opportunities for employment and support from his family.

Peters also included a letter from a county jail officer, stating that Peters was a model inmate. While this information about Peters's behavior was not presented to the district court at sentencing, it does not demonstrate that the sentence imposed was excessive or unreasonable. Therefore, based upon our review of the record, we conclude that Peters has failed to show that the district court abused discretion when it denied Peters's Rule 35 motion.

**C.    Motion to Withdraw Guilty Plea**

Finally, Peters asserts that the district court abused its discretion by denying his motion to withdraw his guilty plea. Whether to grant a motion to withdraw a guilty plea lies in the

3

discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.3d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after the sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to insure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence was unexpectedly severe. *Id.* Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

Peters filed the motion to withdraw his guilty plea almost six months after sentencing. In his motion, Peters alleged that his guilty plea was not made knowingly or voluntarily and that he did not understand the consequences of his plea. In addition, Peters claimed that he entered the plea under duress and coercion while in fear for his life. Finally, Peters asserted that he was not guilty. These assertions directly contradict Peters's sworn testimony during his guilty plea hearing. At that hearing, the district court conducted the following colloquy:

> [COURT]: Do you understand the nature of the charge against you and the possible penalties that may be imposed as a result of your guilty plea?
> [PETERS]: Yes, sir.
> [COURT]: Do you understand that there are other consequences to you of a plea of guilty to a felony charge?
> [PETERS]: Yes.
>
> . . . .
>
> [COURT]: Has anyone promised you that I would be easy on you if you pled guilty to the offense?
> [PETERS]: No.
>
> . . . .
>
> [COURT]: Has anyone threatened you or anyone close to you to get you to plead guilty?
> [PETERS]: No, sir.
>
> . . . .

4

```
[COURT]:      Are you pleading guilty just to get it over with even though
              you believe you're innocent?
[PETERS]:     No, sir.
. . . .
[COURT]:      Can you tell me when you decided to plead guilty to the
              charge?
[PETERS]:     About thirty days ago.
[COURT]:      And why did you decide to plead guilty?
[PETERS]:     Because I was in possession.
[COURT]:      And are you pleading guilty freely and voluntarily?
[PETERS]:     Yes.
```

In response to further questioning by the district court, Peters indicated that he understood a guilty plea was an admission that the charge was true and that the plea resulted in Peters giving up any possible defenses.

While Peters's motion to withdraw guilty plea asserted that he pled guilty because he was in fear for his life, such an allegation is belied by the record and his previous sworn statements. The record is void of any allegations of threats by third parties or other evidence of coercion as to his decision to plead guilty. Peters's unsworn letter submitted with his I.C.R. 35 motion and relied on by the district court in deciding the motion to withdraw guilty plea mentioned nothing about his fear of his roommate. The unsworn letter from the CI (signed with her first name and a "smiley face") referred to *her* fear of the roommate. The letters did refer to Peters's alleged coerced consent to a search and allegedly coerced admissions he made to the police but not to any coercion regarding his plea of guilty. The only allegation of coercion regarding his plea was stated in the motion but was unsupported by any evidence. Therefore, Peters has failed to demonstrate that manifest injustice occurred because he was prohibited from withdrawing his guilty plea based on his claim of coercion.

Peters also argues that he should have been permitted to withdraw his guilty plea because he is innocent. This claim, too, is belied by his own sworn testimony and the record. His claim that his roommate was actually a drug dealer and that he did a favor for his friend (the CI) by giving her marijuana when the roommate was absent was asserted by Peters in his version of events given to the presentence investigator and was argued by his attorney at sentencing. However, during the plea colloquy, Peters admitted that he was in possession of "a little over four pounds" of marijuana. At sentencing, Peters's attorney admitted that Peters did "provide the

marijuana to the informant; and, yes he was in possession of over a pound of marijuana." Peters has failed to demonstrate that manifest injustice occurred because he was prohibited from withdrawing his guilty plea based upon his claim of innocence.

Peters also contends that the district court erred by failing to grant an evidentiary hearing on the motion to withdraw guilty plea. Specifically, Peters argues that, because the CI's unsworn letter (which was attached to his earlier Rule 35 motion) supported his allegations of coercion and innocence, the district court should have held an evidentiary hearing on the motion to withdraw guilty plea. This argument is unavailing. The burden rests on the defendant to demonstrate a justification for withdrawal of the guilty plea. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009). Citing this Court's decision in *Stone*, Peters asserts that, because he raised allegations of coercion that were supported by facts that were not found in the record, he was entitled to an evidentiary *hearing* on the merits of his motion. However, in *Stone*, this Court held that, if a motion to withdraw guilty plea turns upon alleged events that occurred outside the record that have not been stipulated to by the state, then an evidentiary *showing* is required. *Id*. Such an evidentiary showing may be demonstrated by affidavit. Therefore, an evidentiary hearing is not always required. In *Stone*, we upheld the district court's denial of the defendant's motion to withdraw guilty plea, in part, because the defendant presented no evidence in support of the motion, either in the form of affidavits or testimony. *Id*.

Similarly, in this case, Peters presented no evidence in support of his motion to withdraw his guilty plea. The record does not demonstrate that Peters presented sworn affidavits or any other form of evidence. Rather, Peters relied upon statements he made at sentencing and unsworn letters he attached to his Rule 35 motion. While Peters claims on appeal that the district court relied upon the letters in denying his motion to withdraw guilty plea, the district court did not refer to the letters in its order. Instead, the district court relied primarily upon the plea colloquy to contradict Peters's claims of coercion and innocence. Finally, the record does not demonstrate that Peters requested a hearing. Therefore, Peters has failed to show that the district court abused discretion by denying his motion to withdraw guilty plea without an evidentiary hearing.

### III.
### CONCLUSION

Peters has failed to demonstrate that the district court imposed an excessive sentence. Additionally, Peters failed to show that the district court abused its discretion in denying his Rule 35 motion for reduction of his sentence. Finally, Peters did not establish that the district court abused its discretion in denying his motion to withdraw guilty plea. Accordingly, Peters's judgment of conviction and sentence for trafficking in marijuana, the district court's order denying Peters's Rule 35 motion, and the district court's order denying Peters's motion to withdraw guilty plea are affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**