**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

FARON STONE,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

**Docket No. 34571**

FARON STONE,

      Petitioner-Appellant,

v.

STATE OF IDAHO,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**Docket No. 34569**

**2009 Opinion No. 17**

**Filed: March 18, 2009**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. N. Randy Smith, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>. Judgment in post-conviction action, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

LANSING, Chief Judge

Faron Stone appeals from the judgment of conviction entered upon his pleas of guilty to aggravated battery upon a law enforcement officer and unlawful possession of a firearm. He contends that the district court erred by denying his motion to withdraw his guilty plea on the aggravated battery charge and that excessive sentences were imposed.

1

# I.

## FACTS AND PROCEDURE

Two members of the Chubbock Police Department SWAT team were shot while attempting to serve a search warrant at Stone's residence. Both men survived their injuries. Stone was later charged with two counts of "aggravated battery on a law enforcement officer,"[1] Idaho Code §§ 18-903, 18-907, 18-915, one count of possession of methamphetamine, I.C. § 37-2732(c)(1), and one count of unlawful possession of a firearm, I.C. § 18-3316. The information also sought two sentence enhancements: for being a persistent violator, I.C. § 19-2514, and for use of a firearm in the commission of the aggravated batteries, I.C. § 19-2520.

Pursuant to a plea agreement, Stone pleaded guilty to an amended information charging one count of aggravated battery on a law enforcement officer and unlawful possession of a firearm. Before sentencing, Stone filed a pro se motion to withdraw his guilty plea to the aggravated battery charge and an unverified "affidavit" in support. In his affidavit, Stone contended that his attorneys did not explain to him that he could not withdraw his plea if the district court decided to impose a sentence exceeding the State's recommendation and that his pleas were entered under duress as he had only forty-eight hours to make a decision. Stone's attorneys then moved to withdraw. The district court granted counsel's motion for withdrawal and appointed the public defender in their stead.

The public defender filed a lengthy follow-up motion to withdraw the guilty plea on numerous additional grounds. At a hearing on the motion, Stone presented no evidence but instead expressly relied solely on the content of his two motions and his affidavit in support of the first motion. The district court denied the motions, holding that the plea was not constitutionally infirm. The district court thereafter imposed a five-year determinate sentence for illegal possession of a firearm and a consecutive unified sentence of twenty-five years, with twenty years determinate, for aggravated battery on a law enforcement officer.

---

[1] We question whether there is a crime of this name in Idaho. There is a crime of aggravated battery, I.C. §§ 18-903, 18-907, and Idaho Code section 18-915(1) operates to increase the maximum punishment for that offense (and others in the chapter) if it is proven that the victim was a member of a certain class of personnel, including various law enforcement officers, and if it is also proven that the perpetrator knew or had reason to know of the victim's status. Thus, it appears that Idaho Code section 18-915 enhances the sentence for aggravated battery but does not define a separate crime. This distinction is of no consequence in this appeal.

The public defender filed a notice of appeal from the judgment of conviction, but it was filed late and the appeal was consequently dismissed. Seeking to restore his right to appeal, Stone filed a petition for post-conviction relief. The district court granted the petition, allowing Stone to file a new appeal from the judgment of conviction. His notice of appeal also requested relief from the post-conviction judgment, and the two appeals were consolidated, but Stone raises no issues attendant to the post-conviction action.

## II.

## ANALYSIS

### A.    Motion to Withdraw the Guilty Plea

On appeal, Stone challenges the district court's denial of his second motion to withdraw his guilty plea to the aggravated battery charge. In that motion, which was prepared by appointed counsel, Stone raised approximately twenty grounds for withdrawal of the plea. Stone pursues five of those grounds in this appeal, asserting that he was not adequately advised by his attorney before entry of the plea in that counsel: (1) did not advise Stone that the State would have to prove, as an element of aggravated battery on a law enforcement officer, that he knew or had reason to know that the persons he shot at were peace officers; (2) did not advise him of the available defense of self-defense; (3) did not investigate or inform him of potential defenses based upon ballistics analysis; (4) did not investigate or inform him of defenses based upon collusion of the officers at an internal affairs investigation conducted after the shootings; and (5) did not inform him of the defense that forcible resistance to an arrest may be made when excessive force is used by officers. Stone argues that in ruling on the motion for withdrawal of the plea the district court considered only whether the plea met constitutional standards and erred by failing to apply the "just reason" standard that governs a presentence motion to withdraw a guilty plea. He also contends that the court's finding that Stone's plea was entered knowingly, voluntarily and intelligently is erroneous.

We agree that the district court did not apply the correct standard to the motion. When a motion to withdraw a guilty plea is made before sentencing, a defendant need only demonstrate a "just reason" for withdrawal of the plea. Idaho Criminal Rule 33(c); *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988). A motion for withdrawal of a plea filed after sentencing is subject to a different standard--one requiring a showing of "manifest injustice." I.C.R. 33(c). The stricter standard

3

after sentencing is justified to insure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence is unexpectedly severe. *State v. Creech*, 109 Idaho 592, 595, 710 P.2d 502, 505 (1985); *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). If a plea was not taken in compliance with constitutional due process standards, which require that a guilty plea be made voluntarily, knowingly and intelligently, then "manifest injustice" or the lower standard of "just reason" will be established as a matter of law. *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007); *State v. Shook*, 144 Idaho 858, 859, 172 P.3d 1133, 1134 (Ct. App. 2007); *State v. Huffman*, 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct. App. 2002). However, a constitutional defect in the plea is not necessary in order to show either a "just reason" or "manifest injustice." *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000); *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987).

The district court's error in failing to apply the "just reason" standard in considering Stone's motion is harmless, however, because Stone's motion was utterly unsupported by any evidence. The burden rests on the defendant to demonstrate a justification for withdrawal of the guilty plea. *State v. Nath*, 141 Idaho 584, 586, 114 P.3d 142, 144 (Ct. App. 2005); *State v. Acevedo*, 131 Idaho 513, 516, 960 P.2d 196, 199 (Ct. App. 1998); *State v. Medina*, 128 Idaho 19, 25, 909 P.2d 637, 643 (Ct. App. 1996). Whether this showing requires presentation of new evidence depends upon the basis for the motion--whether it turns upon matters that appear in the court's record, or that occurred in open court, or alleged events that occurred outside of the judicial proceedings and that the State has not acknowledged or stipulated to. Here, the motion was predicated on alleged facts about Stone's consultations with his attorney that do not appear in the record and which the State has not conceded. Therefore, an *evidentiary* showing was required. When the stated grounds for a motion to withdraw a guilty plea require a presentation of evidence, the Idaho Rules of Evidence apply. I.R.E. 101. Stone presented no evidence, relying instead upon his two motions and his unverified affidavit. The first motion, signed by Stone, does not mention the grounds for withdrawal of his plea that are now advanced on appeal, and the second motion contains only unverified, hearsay assertions of his attorney, which have no evidentiary value. Even were we to afford evidentiary weight to Stone's unverified affidavit, none of the bases for withdrawal of the plea that are advanced on this appeal are addressed in that affidavit. Because Stone did not submit any admissible evidence, by testimony or otherwise,

4

to show that any allegations made in his second motion were true, the motion could not have been properly granted under either a "just reason" standard or constitutional standards.

Perhaps in an attempt to avoid the consequence of this failure to present evidence, Stone asserted for the first time at oral argument in this appeal that his guilty plea was invalid because the district court, in taking the plea, did not comply with I.C.R. 11(c)(4). That rule specifies that "before a guilty plea is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show: . . . (4) The defendant was informed of the nature of the charge against the defendant." Stone argues that his guilty plea is invalid because the record does not show that he was informed of the element of aggravated battery on a law enforcement officer requiring that the perpetrator knew or had reason to know that the victim of the battery was a law enforcement officer. *See* I.C. § 18-915(1). Whatever the merits of this argument, we will not address it because it was not raised in the trial court or in Stone's opening appellant's brief, where the only challenges to the plea were based upon deficiencies in the performance of his original defense attorneys. Issues may not be raised for the first time on appeal, *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *Monahan v. State*, 145 Idaho 872, 877, 187 P.3d 1247, 1252 (Ct. App. 2008), and certainly not in the oral argument on appeal. *Robbins v. County of Blaine*, 134 Idaho 113, 115 n.1, 996 P.2d 813, 815 n.1 (2000); *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998); *Mac Tools, Inc. v. Griffin*, 126 Idaho 193, 198, 879 P.2d 1126, 1131 (1994).

Stone has shown no reversible error in the district court's denial of his motion to withdraw his guilty plea.

**B.  Sentence Review**

The district court imposed a five-year determinate sentence for illegal possession of a firearm and a consecutive unified twenty-five-year sentence, with twenty years determinate, for aggravated battery on a law enforcement officer. Stone asserts that these sentences are excessive.

We review a sentence on appeal for abuse of the sentencing court's discretion. *See State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender

and punishment or retribution. *Id.* In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct. App. 1991).

Stone shot two police officers who were attempting to serve a search warrant on his residence. Had they not been wearing bullet-proof vests, both officers may well have been killed. Stone has a lengthy criminal record evidencing a manifest disrespect for the law, and a number of his prior convictions were for crimes of violence. Among these, are two convictions for kidnapping, for which he served prison sentences in Arizona and Idaho. Because of these felony convictions, he was barred under Idaho law from owning or possessing a firearm. Given the gravity of the offenses and Stone's criminal history, he has not shown that the sentences constitute an abuse of the district court's discretion.

## III.

## CONCLUSION

Stone's motion to withdraw his guilty plea was properly denied because it was unsupported by any evidence, and his sentences are not excessive. Therefore, the judgment of conviction and the sentences are affirmed. In the post-conviction case, no claim of error in the district court's judgment has been raised, and the judgment is therefore affirmed.

Judge PERRY and Judge GUTIERREZ **CONCUR.**