**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37243**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 665 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 12, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MATTHEW LAWRENCE SMITH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to withdraw guilty plea and judgment of conviction and unified sentence of fourteen years with two years determinate for grand theft, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Matthew Lawrence Smith appeals contending the district court abused its discretion in denying his motion to withdraw his guilty plea and by imposing an excessive sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Smith pled guilty to grand theft. Idaho Code §§ 18-2403(1), 18-2407(1)(b) and 18-204. In exchange, the State dismissed burglary and petit theft charges, agreed to recommend a sentence of fourteen years with four years determinate to run concurrent with an unrelated sentence, and agreed not to file a persistent violator charge. Before sentencing, but after the presentence investigation report (PSI) had been prepared and submitted to the parties, Smith moved to withdraw his guilty plea. Smith averred that he had not read the

1

PSI prior to filing the motion. The district court conducted a hearing and denied the motion. The district court imposed a sentence of fourteen years with two years determinate, to run concurrently with another sentence. Smith appeals contending that the district court erred in denying his motion to withdraw guilty plea and that the district court abused its discretion by imposing an excessive sentence.

## II.

## ANALYSIS

### A.     Motion to Withdraw Guilty Plea

The standards governing motions to withdraw guilty pleas are well established. Presentence withdrawal of a guilty plea under the Idaho Criminal Rules is not an automatic right; a defendant bears the burden of demonstrating a just reason for the withdrawal. I.C.R. 33(c); *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009); *State v. Nath*, 141 Idaho 584, 586, 114 P.3d 142, 144 (Ct. App. 2005). Whether to grant such a motion is committed to the sound discretion of the district court, and such discretion should be liberally applied. *Arthur*, 145 Idaho at 222, 177 P.3d at 969. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Appellate review of the denial of a motion to withdraw a plea is limited to whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct. App. 1997).

The first step, however, in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008). Under constitutional standards, for a guilty plea to be valid the entire record must demonstrate that the plea was entered into in a voluntary, knowing, and intelligent manner. I.C.R. 11(c); *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007). If the guilty plea was not taken in accord with these constitutional due process standards, then a just reason under I.C.R. 33(c) will be established as a matter of law.

2

*Stone*, 147 Idaho at 333, 208 P.3d at 737. Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial; and (3) whether the defendant understood the consequences of pleading guilty. *Workman v. State*, 144 Idaho 518, 527, 164 P.3d 798, 807 (2007); *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976).

If the plea is constitutionally valid, the court must determine whether there are any other just reasons for withdrawal of the plea. *Hanslovan*, 147 Idaho at 536, 211 P.3d at 781. The defendant bears the burden of demonstrating justification for withdrawal of the guilty plea. *Stone*, 147 Idaho at 333, 208 P.3d at 737. Whether this showing requires presentation of new evidence depends upon the basis for the motion--whether it turns upon matters that appear in the court's record, or that occurred in open court, or alleged events that occurred outside of the judicial proceedings and that the State has not acknowledged or stipulated to. *Id*. If the motion is based upon events outside of the record or which the State has not acknowledged, then an evidentiary showing is required. *Id*. In such case, the Idaho Rules of Evidence apply. *Id*. Once the defendant has met this burden, the State may avoid withdrawal of the plea by demonstrating prejudice. *Hanslovan*, 147 Idaho at 536, 211 P.3d at 781.

In this case, Smith did not claim that his guilty plea was constitutionally invalid. Therefore, the burden was on Smith to demonstrate just reason for withdrawal of his guilty plea. In his motion, Smith claimed that he wished to withdraw his guilty plea because he "believes he should not have entered his guilty plea; and further, feels he should have a jury decide his guilt or innocence." At the hearing on the motion, Smith's counsel also stated that Smith "feels strongly that he may have certain pretrial motions that should have been filed, specifically *Miranda*[1] issues with his initial interview with the officers in the field."

The district court stated that Smith had been informed that it was unlikely that the court would allow him to withdraw his guilty plea once it was entered and, therefore, "spent considerable time" in a "thorough questioning" of Smith in regard to his plea. The district court also noted the experience of defense counsel, his proper advice to Smith, and that Smith received

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

3

a significant benefit from the plea bargain. The district court found that no new facts or evidence were asserted and that the motion merely represented "buyer's remorse." In addition, the district court stated, as to the potential pretrial motion, that all facts and evidence were known to defense counsel and the defendant at the time of the guilty plea. We agree.

Smith's statement in his motion that he "should not have entered his guilty plea" is so vague that it cannot be said to constitute any justification for withdrawal of his guilty plea. As noted, he does not allege any constitutional defect associated with the entry of his guilty plea. Smith's statement in his motion that he "should have a jury decide his guilt or innocence," appears, at best, to be an assertion of innocence. Smith, however, admitted his guilt in court and does not challenge the factual basis for his guilty plea. Even if the statement was an assertion of innocence, a mere declaration of innocence does not entitle a defendant to withdraw a guilty plea. *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782.

In regard to a potential motion to suppress, Smith's counsel expressed to the district court only that Smith felt he "may" have pretrial motions based upon *Miranda* relative to discussions with officers in the field. The district court was provided with neither argument nor evidence in the record which might suggest any legitimate basis for a *Miranda* based motion. As part of his plea, Smith waived any defenses he may have had, and his counsel advised the court that he had discussed with Smith the evidence against him and his possible defenses. At the time of entry of his plea, Smith did not mention a confession as a basis for the plea and Smith did not claim, as a basis for the motion, that there was any nexus between his guilty plea and tainted evidence. In addition, as noted, the district court found that all facts and evidence which may have supported a pretrial motion were available to defense counsel and Smith prior to the entry of his plea. Smith does not contest this finding nor does he assert any reason why a motion could not have been pursued in accordance with the time requirements of Idaho Criminal Rule 12.

Smith did not demonstrate just cause for withdrawal of his guilty plea and the district court did not err in denying the motion.

**B.     Excessive Sentence**

Under the plea agreement the State dismissed burglary and petit theft charges, agreed to recommend a sentence of fourteen years with four years determinate to run concurrent with an unrelated sentence, and agreed not to file a persistent violator charge. The district court imposed a sentence of fourteen years with two years determinate, to run concurrently with another

sentence. Smith contends that the district court abused its discretion by imposing an excessive sentence.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the above standards and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing sentence.

## III.

## CONCLUSION

Smith failed to demonstrate just cause for withdrawal of his guilty plea. The district court did not abuse its discretion in denying the motion to withdraw guilty plea or by imposing sentence. Therefore, Smith's judgment of conviction and sentence are affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**