**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35587**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 724 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 25, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AVERY ALLEN ERICKSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rosemary Emory, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Avery Allen Erickson appeals from his judgment of conviction for possession of a controlled substance. Specifically, Erickson challenges the denial of his motion to suppress evidence and his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On October 26, 2006, two law enforcement personnel were conducting surveillance on a residence in Boise after receiving information that the person living at the residence was selling and/or using methamphetamine. The officers observed a vehicle in the driveway and "ran the [license] plate," which came back as "not on file." After approximately one-half hour of surveillance, the officers observed two individuals exit the residence, get into a vehicle, and drive to the back of the residence. One of the officers initiated a stop of the vehicle, identifying Erickson as the driver. The officer discovered Erickson's driver's license was suspended and

1

arrested him for driving without privileges. Erickson's vehicle was searched incident to his arrest and a tin canister was found containing a baggie with a "crystalline-type substance" that field tested "presumptive positive for amphetamines."

Erickson was charged with felony possession of a controlled substance with a persistent violator enhancement. Idaho Code §§ 37-2732(c), 19-2514. He filed a motion to suppress on the sole basis that the officers conducted a traffic stop without reasonable and articulable suspicion a crime had occurred or was about to occur. Following a hearing, the district court denied the motion, first finding the stop was justified based on the license plate number coming back as not being on file. The district court further upheld the search of the vehicle pursuant to *New York v. Belton*, 453 U.S. 454 (1981), wherein the United States Supreme Court held that law enforcement may search the passenger compartment of a vehicle and the contents of any container found within the passenger compartment upon the valid arrest of the occupants.

Erickson entered a conditional guilty plea to possession of a controlled substance, reserving the right to appeal the denial of his motion to suppress, and the State dismissed the persistent violator charge. Prior to sentencing, he filed a motion to withdraw his guilty plea in order to obtain independent testing of the substance found in his vehicle, as he believed it did not actually contain amphetamines. The district court denied the motion.

Erickson timely appealed, challenging the denial of his motion to suppress and his motion to withdraw his guilty plea. In regard to his motion to suppress, he notes that, since the district court's denial of the motion, the United States Supreme Court clarified *Belton* in *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710 (2009), where it held that an automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe the vehicle contains evidence relevant to the crime of arrest. *Id.* at ___, 129 S. Ct. at 1719. Erickson contends that based on *Gant*, the search of his vehicle was not constitutionally permissible and his motion to suppress should be granted.

During the pendency of this appeal, the United States Supreme Court again issued a relevant ruling in *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419 (2011), for which we suspended proceedings in anticipation of the final opinion of the Court. Having resumed proceedings, we turn to Erickson's appeal in light of recent Supreme Court precedent.

## II.

## ANALYSIS

### A.        Motion to Suppress

Erickson contends that because the search of his vehicle was not permissible under *Gant*, we should reverse the district court's denial of his motion to suppress. The State contends the issue was not preserved on appeal and, alternatively, Erickson is not entitled to relief given the Supreme Court's recent decision in *Davis* which held that, subject to certain exceptions, when police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply. *Id.* at ___, 131 S. Ct. at 2429.

We need not resolve the issue of whether Erickson's contention in this regard is preserved for appeal because *Davis* makes it clear that even if we were to address the issue, we would be constrained to conclude *Gant* does not apply retroactively to the district court's denial of Erickson's motion to suppress. *Davis* concerned whether the exclusionary rule should be applied to the fruits of a search, conducted prior to the issuance of *Gant*, in a manner permissible under the *Belton* standard, but which would be unconstitutional under *Gant*. The Supreme Court concluded, given the rationale behind the exclusionary rule, application of the exclusionary rule was not appropriate to invalidate the search where officers had conducted it in compliance with *Belton*, the binding precedent applicable *at the time of the search*. *Id.* at ___, 131 S. Ct. at 2428-29. Likewise in this case, there appears to be no dispute the search was conducted in compliance with *Belton*, the binding precedent at the time, which was approximately three years prior to the issuance of *Gant*. Accordingly, pursuant to *Davis*, the application of the exclusionary rule would not be appropriate in this case, and the district court's denial of Erickson's motion to suppress is affirmed.

### B.        Motion to Withdraw Guilty Plea

Erickson also contends the district court erred in denying his motion to withdraw his guilty plea prior to sentencing. Specifically, he contends his request to independently test the substance found in his car, that was "purported" to be amphetamine, constitutes a just reason for the withdrawal of his guilty plea--especially considering that when the substance was first tested by the State, the test indicated the substance did not contain amphetamines. Moreover, he contends the State would not have been prejudiced had he been allowed to withdraw his guilty plea.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* To withdraw a guilty plea prior to sentencing, the defendant must show a just reason for withdrawing the plea. Idaho Criminal Rule 33(c); *State v. Flowers*, 150 Idaho 568, 571, 249 P.3d 367, 370 (2011). If he does so, the State may avoid the granting of the motion by showing prejudice would result if the plea were withdrawn. *Id.* The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). In addition, even when the motion is presented before sentencing, if it occurs after the defendant has learned of the content of the presentence investigation report or has received other information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004).

At the hearing on his motion to withdraw his guilty plea, defense counsel indicated Erickson wished to withdraw his plea because he did not believe the substance found in his car was methamphetamine or amphetamine and an independent lab test would confirm this. Counsel stated Erickson did not pursue independent testing prior to entering his guilty plea because he could not afford to pay for an independent test at the time (due to his incarceration); however, having been released on bond, he was able to afford retesting. In denying the motion, the district court discussed at length its conversation with Erickson at the time he entered his guilty plea, noting Erickson advised the court that while he did not believe the substance contained illegal drugs, he decided to plead guilty once the test on the substance came back positive for methamphetamine. Thus, the court reasoned it was not a newly discovered issue, as Erickson was "fully aware when [he] entered the plea of [his] feeling that it was not methamphetamine, and [he was] fully aware of the fact that the tests had come back positive."

The burden rests on the defendant to demonstrate a justification for withdrawal of the guilty plea. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009); *State v. Nath*, 141 Idaho 584, 586, 114 P.3d 142, 144 (Ct. App. 2005). Whether this showing requires presentation of new evidence depends upon the basis for the motion--whether it turns upon

4

matters appearing in the court's record, or that occurred in open court, or whether it alleged events that occurred outside of the judicial proceedings and that the State has not acknowledged or stipulated to. *Stone*, 147 Idaho at 333, 208 P.3d at 737. Here, the motion was predicated on Erickson's purported reason for not proceeding with an independent test of the substance before entering a guilty plea and his reason for wishing to do so after entry of his plea, namely that he had since acquired the funds to procure the test.[1] Notably, however, this is evidence which does

---

[1] On appeal, Erickson, somewhat obliquely, appears to rely on an additional basis for his desire to obtain an independent test--that an initial laboratory test of the substance came back negative for amphetamines and, thus, made it more likely that an independent test would confirm his belief that the substance was not illegal drugs. He purports that as a result of this negative test, at some point after an initial preliminary hearing, the charge was dismissed while the State waited for the results of the more "thorough" test to come back--which ultimately indicated the presence of methamphetamine and led to refiling of the charges.

In finding there was no just reason to allow Erickson to withdraw his guilty plea, the district court seems to reference this issue, noting:

> [T]he issue in the preliminary hearing wasn't that the test results did not show there was meth. The issue in the preliminary hearing was that they had not received the test results back yet. The State never said in the preliminary hearing at the point where they dismissed that the tests were negative. The State indicated, "We do not yet have the test results back yet." And when they got the test results back, they refiled the case.
>
> It wasn't a case where it came back negative, and the State dismissed and then did another test. It was a case where the State had not received the tests back yet from the lab. The charge was dismissed, and then refiled when the test results came back. That's clearly reflected in the record.

Erickson disputes the district court's characterization of the issue, contending the initial laboratory test, in fact, came back negative and argues the court's erroneous interpretation of the facts indicates an abuse of discretion in denying his motion to withdraw his plea. While we doubt the relevance of this issue, given that Erickson was apparently aware of the negative test result long before he pleaded guilty, even if it was a relevant consideration in the court's denial of his motion to withdraw his guilty plea, there is not sufficient basis in the record for us to find this was an erroneous statement by the district court. Aside from unverified, ambiguous statements of the parties contained in the transcript, there is no evidence regarding the dismissal and refiling of the case, no proof of an initial negative test result which was *known* to the prosecution at the time of the preliminary hearing, and no transcript of the first preliminary hearing. We will not assume error, as it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). *See State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991) (holding that in the absence of an adequate record on appeal to support the appellant's claims, we will not presume error).

not appear in the record and which the State has not conceded. Therefore, an *evidentiary* showing was required. *See id.* When the stated grounds for a motion to withdraw a guilty plea require a presentation of evidence, the Idaho Rules of Evidence apply. Idaho Rule of Evidence 101; *Stone*, 147 Idaho at 333, 208 P.3d at 737. Here, Erickson presented no evidence, relying instead upon his motion, which does not even mention the grounds for withdrawal of his plea now advanced on appeal, and his attorney's unverified, hearsay assertions at the hearing on his motion, which have no evidentiary value. *See id.* (noting that the unverified, hearsay assertions of Stone's attorney carried no evidentiary value). Because Erickson did not submit any admissible evidence, by testimony or otherwise, to support any allegations made regarding his motion to withdraw his guilty plea, the motion would not have been properly granted under a just reason standard and the district court did not abuse its discretion in denying his motion. *Accord id.* (holding that the district court could not have found a just reason for allowing the withdrawal of Stone's guilty plea on the basis of Stone's allegations that his attorney failed to inform him of various pertinent considerations, where the evidence supporting his claims did not appear in the record and the only evidence he presented in support of his allegations was an unverified affidavit and the unverified, hearsay statements of counsel).

### III.

### CONCLUSION

Although the United States Supreme Court has modified the law pertaining to the type of search that occurred here, pursuant to *Davis*, the exclusionary rule would not apply to the search in this instance, which was conducted according to the controlling precedent at the time of the search. Thus, the denial of Erickson's motion to suppress was not erroneous. In addition, we conclude the district court did not abuse its discretion in denying Erickson's motion to withdraw his guilty plea where Erickson presented no evidence to support his allegations in support of the motion. Accordingly, we affirm Erickson's judgment of conviction for possession of a controlled substance.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

6