**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44849 & 44850**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 22, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL S. DAUBER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Patrick H. Owen, District Judge.

Judgments of conviction for two counts of second degree murder, <u>affirmed</u>.

Michael S. Dauber, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

In these consolidated appeals, Michael S. Dauber appeals from two judgments of conviction for second degree murder. Dauber challenges the district court's denial of his motion to withdraw his guilty plea in Docket No. 44849 and the voluntariness of his guilty plea in Docket No. 44850. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In Docket No. 44849, a grand jury returned an indictment charging Dauber with the first degree murder of Steven Kalogerakos. In Docket No. 44850, the State charged Dauber with the first degree murder of Joshua Reddington.[1] In both cases, Dauber was charged with the use of a

---

[1] Dauber was represented by different trial counsel in these cases.

1

deadly weapon. In Docket No. 44849, Dauber was also charged with failing to report a death. Pursuant to a judicially supervised mediation, Dauber entered an *Alford*[2] plea to an amended count of second degree murder in each case. The written plea agreement indicates that, in exchange for Dauber's guilty pleas, the State agreed to dismiss the other charges and request that the district court bind itself to certain sentencing recommendations. Although not included as a term in the written agreement signed by all parties, the mediator and the presiding judge, Dauber indicated in his guilty plea advisory form that an additional "promise" influenced his decision to plead guilty. That promise was described as: "St[ate] will not pursue fraud charges associated w/ [my ex-wife] receiving [my] VA benefits." At the change of plea hearing, the district noted the parties had a discussion in chambers about the additional term recited in the plea advisory form. The district court agreed to be bound by the plea agreement and accepted Dauber's guilty pleas.

Shortly before sentencing, Dauber attempted to file a pro se motion to withdraw his guilty plea in Docket No. 44850.[3] The district court returned the motion to Dauber because he was represented by counsel and sent copies of the motion to Dauber's attorneys in both cases. The following day, Dauber's counsel in Docket No. 44849 signed a motion to withdraw Dauber's guilty plea, which was filed three days later. One day later, Dauber filed a memorandum in support of the motion, stating he would "establish just cause for the withdrawal of his guilty plea at the anticipated hearing on the motion." Dauber subsequently filed a supplemental memorandum setting forth the basis for his motion to withdraw his guilty plea.[4] The grounds asserted were that Dauber did not murder Steve Kalogerakos and that his guilty plea

---

[2]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[3]     In his pro se motion, Dauber asserted:

> I wish to withdraw[] my guilty plea because I was coerced, and I had no-way to find out the information was false. The people who coerced me were also present, so I was afraid they would carry thru with threat if I told you. I was also denied all my discovery, CSI, handwriting expert and investigation of witnesses.

[4]     The record indicates that the supplemental filing was required by the district court in order to provide a "sufficient basis" to put the court and the State "on notice as to what the issues were intended to be."

2

was coerced because it was his "understanding" that his ex-wife "would be prosecuted for fraudulently receiving/collecting [his] military benefits" and that he "did not find out that she could not be prosecuted until after he entered his guilty plea." The district court held a hearing on Dauber's motion at which he presented only argument. The district court denied the motion. Dauber was sentenced in accordance with the plea agreement to concurrent indeterminate life terms, with minimum periods of confinement of seventeen years. Dauber appeals.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.*

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id*. Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

## III.

## ANALYSIS

Dauber presents two issues on appeal: (1) whether the district court abused its discretion in denying his motion to withdraw his guilty plea in Docket No. 44849; and (2) whether his

guilty plea in either case was coerced.[5] We hold that, because Dauber failed to show a just reason for withdrawal of his guilty plea in Docket No. 44849, he has failed to show error in the district court's denial of his motion. We further hold that Dauber has failed to preserve any fundamental error challenge to the voluntariness of his guilty plea in Docket No. 44850.[6]

## A.    Motion to Withdraw Guilty Plea (Docket No. 44849)

Dauber asserts that the district court erred in denying his motion to withdraw his guilty plea in Docket No. 44849. Specifically, Dauber argues that the district court's decision to deny his motion was arbitrary and that the district court erred in failing to inquire into the alleged "third party threat" to prosecute his ex-wife. The State responds that the district court correctly denied Dauber's motion because he failed to provide a just reason for withdrawal of his guilty plea.

Defendants seeking to withdraw a plea prior to sentencing need only demonstrate a just reason to permit withdrawal of their plea but it is the defendant's burden to demonstrate such a justification. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009). If a motion to withdraw a guilty plea is based upon alleged matters not otherwise appearing in the record, the defendant must make an evidentiary showing to support those matters. *Id.* at 333, 208 P.3d at 737. An affidavit averring nothing but legal conclusions is insufficient. *See State v. Snyder*, 88 Idaho 479, 482-83, 401 P.2d 548, 550 (1965).

---

[5]    Dauber also raised an ineffective assistance of counsel claim in his opening brief. Dauber subsequently filed a notice of withdrawal of that claim, acknowledging that such a claim should be pursued in a separate post-conviction action. *See State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct. App. 1993). Thus, we will not address Dauber's ineffective assistance of counsel claim.

[6]    Although Dauber contends both of his guilty pleas were coerced for the same reason, the fundamental error analysis only applies to his claim in Docket No. 44850 because Dauber's coercion claim is addressed in the context of his motion to withdraw his guilty plea in Docket No. 44849.

4

Before the district court, Dauber argued he had just reason to withdraw his plea because the plea was coerced.[7] To support this contention, Dauber filed an affidavit averring that he felt "coerced into pleading guilty" because it was his "understanding" that his ex-wife "would be prosecuted for fraudulently receiving/collecting [his] military benefits," but he later determined she could not be prosecuted for such an offense. Anxiety and pressure to plead guilty due to concern related to the prosecution of a family member does not constitute impermissible coercion rendering a guilty plea involuntary so long as there is probable cause to support the prosecution. *See Mata v. State*, 124 Idaho 588, 595, 861 P.2d 1253, 1260 (Ct. App. 1993). Although the agreement not to pursue fraud charges associated with Dauber's ex-wife receiving his VA benefits appears in the record, nothing in the record supports Dauber's assertion that there was no basis for the State to do so. Consequently, Dauber needed to make an evidentiary showing to support the absence of probable cause. *See Stone*, 147 Idaho at 333, 208 P.3d at 737. However, Dauber's affidavit, the only evidence submitted in support of his motion to withdraw, contains nothing but his own legal conclusions that the State could not pursue the fraud charges referenced in Dauber's guilty plea advisory. Because Dauber failed to present any evidence beyond his own conclusion that the State could not, in fact, pursue fraud charges against his ex-wife, the district court correctly concluded that Dauber did not provide a just reason for withdrawal of his guilty plea.

## B.     Fundamental Error (Docket No. 44850)

Dauber argues that the district court erred in accepting his guilty plea in Docket No. 44850 because the plea was coerced. The State argues that, because Dauber did not file a motion to withdraw his plea, he must show the district court's acceptance of his plea constitutes fundamental error. The State contends Dauber did not preserve a fundamental error argument on appeal because he failed to present argument or authority in his opening brief to support such a claim. The State further contends that, even if Dauber preserved a fundamental error challenge, his coercion claim fails on the merits. We hold that Dauber has failed to

---

[7]     Coercion was not the only ground that Dauber argued constituted just reason for withdrawal of his plea. Although the district court rejected all of Dauber's proposed just reasons for withdrawal, he has abandoned the other reasons on appeal.

5

preserve a claim of fundamental error as to the voluntariness of his guilty plea in Docket No. 44850.

Unlike Docket No. 44849, Dauber did not file a motion to withdraw his plea in Docket No. 44850. Although Dauber submitted a handwritten pro se motion to withdraw his guilty plea in Docket No. 44850, the motion was rejected because he was represented by counsel.[8] Because Dauber did not challenge the voluntariness of his plea before the district court, he cannot obtain review of his guilty plea's constitutionality unless the error is fundamental. *See State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013) (holding that the fundamental error test is the proper standard for determining whether an appellate court may hear claims based upon unobjected-to error in all phases of criminal proceedings in the trial courts of this state). Under the fundamental error standard, Dauber has the burden of showing the alleged error: (1) violates an unwaived constitutional right; (2) is "clear and obvious"; and (3) actually affected his substantial rights. *See Miller*, 165 Idaho at 119-20, 443 P.3d at 133-34.

Dauber has failed to meet his burden as he has not identified the applicable fundamental error standard or addressed its three requirements. Rather, Dauber only argues, in conclusory fashion, that his plea was coerced due to the "fabricated" threat to prosecute his ex-wife for fraud. Because Dauber has failed to present argument or authority that the district court's acceptance of his guilty plea constitutes fundamental error, we will not consider his claim that his guilty plea was coerced. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that a party waives an issue on appeal if either authority or argument is lacking).[9]

## IV.

## CONCLUSION

Dauber has failed to show the district court erred in denying his motion to withdraw his guilty plea in Docket No. 49849. We decline to consider whether Dauber's guilty plea in Docket No. 49850 was coerced because he failed to provide argument and authority showing that

---

[8]    In his opening brief, Dauber did not argue that the district court abused its discretion in rejecting his pro se motion to withdraw his guilty plea.

[9]    Moreover, Dauber's claim of coercion in relation to Docket No. 44850 would fail for the same reasons his challenge to the guilty plea in Docket No. 44849 fails.

6

acceptance of his guilty plea in that case constitutes fundamental error. Dauber's judgments of conviction for two counts of second degree murder are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.