## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47441

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 15, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LEANN FAYE SMITH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of two years, for possession of a controlled substance, _affirmed_.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Leann Faye Smith appeals from her judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of two years, for possession of a controlled substance. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Smith was charged with possession of a controlled substance and possession of drug paraphernalia. Pursuant to a plea agreement, Smith entered an _Alford_[1] plea to possession of a

---

[1]     _See North Carolina v. Alford_, 400 U.S. 25 (1970).

1

controlled substance, I.C. § 37-2732(c)(1), and the State dismissed the drug paraphernalia charge. As part of the plea agreement, Smith waived her rights to appeal her judgment of conviction and to move to withdraw her guilty plea.

After a change of counsel, Smith moved to withdraw her guilty plea and submitted a supporting affidavit. The district court denied the motion, finding that the averments in Smith's affidavit were not credible; that she had waived the right to move to withdraw her guilty plea; and that, in the alternative, her plea was entered voluntarily, knowingly, and intelligently. The district court sentenced Smith to a unified term of four years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Smith on probation for two years. Smith appeals.

## II.

## ANALYSIS

Smith asserts the district court erred in finding that she waived her rights to appeal her judgment of conviction and to move to withdraw her guilty plea. She also contends the district court abused its discretion in denying her motion to withdraw her guilty plea and by imposing an excessive sentence. The State responds that the district court correctly found that Smith's guilty plea and waivers were voluntary, knowing, and intelligent and that the district court did not abuse its discretion in denying Smith's motion to withdraw her guilty plea. The State also contends that the district court did not abuse its sentencing discretion. We hold that Smith has failed to show the district court erred in finding that her appeal waiver was valid. Because we also hold that the district court did not abuse its discretion in denying Smith's motion to withdraw her guilty plea, we do not address the validity of Smith's waiver of her right to move to withdraw her guilty plea. Finally, we hold that the district court did not abuse its sentencing discretion.

### A.    Appeal Waiver

Defendants may waive their right to appeal as a term of a plea agreement. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2012). A waiver of the right to appeal included as a term of a plea agreement is enforceable if the record shows that it was voluntarily, knowingly, and intelligently made. *State v. Cope*, 142 Idaho 492, 496, 129 P.3d 1241, 1245 (2006). Appellate courts employ the same analysis used to determine the validity of any guilty plea when evaluating the enforceability of a waiver of the right to appeal provided as part of a plea agreement. *State v.*

*Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). When the validity of a guilty plea is challenged on appeal, we conduct an independent review of the record. *State v. Hawkins*, 115 Idaho 719, 720, 769 P.2d 596, 597 (Ct. App. 1989). If the evidence is conflicting as to the circumstances surrounding the plea, we will accept the trial court's findings of fact supported by substantial evidence. *Id*. at 720-21, 769 P.2d at 597-98. However, we will freely review the trial court's application of constitutional requirements to the facts found. *Id*. at 721, 769 P.2d at 598.

According to the plea agreement, Smith "agree[d] to waive appeal as [of] right as to conviction." Smith contends the district court erred in finding that her plea was voluntary, knowing and intelligent, such that the appeal waiver is not valid. We hold that substantial evidence supports the district court's finding.

During the change of plea hearing, Smith's counsel recited the terms of the plea agreement and Smith affirmed that she understood the plea agreement. Smith also affirmed that she had enough time with her attorney, did not have any questions for her attorney, and understood the rights associated with a trial and that she would be giving up these rights by entering a guilty plea. Part way through the plea colloquy, however, Smith expressed difficulty communicating with her attorney:

| [Court]: | Have you had any trouble communicating with your lawyer in terms of the two of you being able to understand each other? |
|---|---|
| [Smith]: | Sometimes. |
| [Court]: | Do you feel like you've . . . had communication that was good enough that you really understand what you're doing today? |
| [Smith]: | Yes. |
| [Court]: | All right. Do you want any more time with your lawyer to even work out some communication issues? |
| [Smith]: | No. |
| [Court]: | And when I ask about communication, I'm not talking about whether he communicated with you timely or got messages to you, just . . . when you two did talk to each other, did you understand what he was saying and did he understand what you were saying? |
| [Smith]: | Yes. |

Smith then affirmed that emotional stress was not affecting her ability to think clearly and that she had enough time with her attorney to ask questions and receive legal advice. She also affirmed that her plea was being made freely and voluntarily, that her plea was not the product of any promises or threats, and that she was satisfied with the services of her attorney. Based on these

3

affirmations, the district court found that Smith entered her plea voluntarily, knowingly, and intelligently.

Smith argues the affidavit she submitted supporting her motion to withdraw her guilty plea shows that the district court erred in making this finding. In her affidavit, Smith averred that her communication with her attorney was not effective because her attorney had not replied to thirty of Smith's emails, walked away from her several times, and once ended a phone call because the background noise was too loud. Smith also averred that her attorney presented Smith with the plea agreement a couple of minutes before the change of plea hearing and that she did not remember her attorney informing Smith of the sentencing recommendations in the plea agreement or that she would be giving up her right to move to withdraw her guilty plea. Further, Smith averred she did not have the opportunity to discuss with her attorney the plea agreement or any negative consequences that could result from accepting the plea agreement. According to Smith, her attorney did not ask Smith "if this was something [she] wanted to do." Smith averred that she felt "extremely scared" and entered a guilty plea despite feeling that it was "the wrong thing to do." Smith claimed she believed that her attorney would have quit if Smith did not plead guilty. Finally, Smith averred that she did not understand the judicial proceedings or terms of her plea agreement and that she felt pressured to enter the plea.

In ruling on Smith's motion to withdraw her guilty plea, the district court found that the averments in Smith's affidavit were not credible. On appeal, Smith challenges this credibility determination. Many of Smith's averments contradict affirmations she made during the plea colloquy. For example, Smith's averment that she did not understand the terms of her plea agreement directly conflicts with her affirmation at the plea colloquy that she understood the terms of the plea agreement. A strong presumption of verity attaches to a defendant's solemn declarations during a plea hearing. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). These contradictions provide substantial evidence supporting the district court's determination that the averments in Smith's affidavit were not credible and the district court's finding that Smith's plea was voluntary,

4

knowing, and intelligent. Consequently, Smith has failed to show that her appeal waiver--a component of the plea agreement--was invalid.

## B.      Motion to Withdraw Guilty Plea

Smith argues that the district court abused its discretion when it denied her motion to withdraw her guilty plea because, she contends, her plea was not knowing, intelligent, and voluntary. The State responds that Smith has failed to show error because Smith's guilty plea and her accompanying waiver of her right to file a motion to withdraw that plea were valid.[2] We affirm the district court's denial of Smith's motion to withdraw her guilty plea.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* The denial of a motion to withdraw a guilty plea after the plea is accepted but before sentencing is not an abuse of discretion when the defendant fails to show just reason to permit the withdrawal. *See State v. Sunseri*, 165 Idaho 9, 13, 437 P.3d 9, 13 (2018). A defendant who establishes that his or her plea was not voluntary, knowing, and intelligent also establishes just reason for withdrawal of that plea as a matter of law. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009).

Although the district court found that Smith validly waived her right to file a motion to withdraw her guilty plea, it also found that Smith's plea was voluntary, knowing, and intelligent. Smith argues the district court's finding of a valid plea was error for the same reasons that she argues her appeal waiver is invalid. Smith's arguments fail as to her challenge to the denial of her motion to withdraw her guilty plea for the same reasons they fail as to her challenge to the validity of her appeal waiver. Consequently, Smith has failed to show that the district court erred in denying her motion to withdraw her guilty plea.

---

[2]      The State alternatively argues that we should decline to consider Smith's challenge to the denial of her motion to withdraw her guilty plea in light of her "validly-entered waiver of her appellate rights." In light of our disposition on other grounds, we need not address the State's alternative argument.

## C. Sentence Review

Smith asserts the district court abused its sentencing discretion by failing to adequately consider certain mitigating factors--specifically her past trauma, contributions to society, and efforts to address her mental health and substance abuse problems. The State responds that the district court acted well within its sentencing discretion.[3]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## III.

## CONCLUSION

Smith has failed to show that her appeal waiver was invalid. Even if Smith's appeal waiver does not bar her challenge to the denial of her motion to withdraw her guilty plea, the district court did not err in denying Smith's motion to withdraw her guilty plea. As such, we do not address Smith's argument that her waiver of the right to move to withdraw her guilty plea was invalid. Smith has also failed to show her sentence is excessive. Consequently, Smith's judgment of conviction and sentence are affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

[3] The State notes that because Smith's appeal waiver was "as to her conviction," it "appears" Smith's challenge to her sentence is "outside the scope of that waiver." Because the State has not asserted the appeal waiver applies to Smith's sentencing claim, we will address Smith's argument that her sentence is excessive. *See State v. Haws*, 167 Idaho 471, 476, 472 P.3d 576, 581 (2020) (noting the State is sole beneficiary of appeal waiver in plea agreement and must invoke applicability of waiver).