**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39818**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 549 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 24, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRANDON NEIL CRUMP, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Judgment of conviction for trafficking in methamphetamine by manufacturing, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Judge

Brandon Neil Crump appeals from his judgment of conviction for trafficking in methamphetamine by attempted manufacturing. For the reasons set forth below, we affirm.

In 2011, Crump was charged with one count of trafficking in methamphetamine or amphetamine by manufacturing and one count of felony injury to a child. Pursuant to a plea agreement, Crump pled guilty to trafficking in methamphetamine by attempted manufacture, I.C. §§ 37-2732B(a)(3) and 18-204, and the state dismissed the charge of felony injury to a child. Crump filed a motion to withdraw his guilty plea prior to sentencing. The district court denied the motion and sentenced Crump to a unified term of four years, with a minimum period of confinement of two years. Crump appeals.

Crump argues the district court abused its discretion by denying his motion to withdraw his guilty plea. Specifically, Crump contends the district court's factual finding that Crump

1

understood his guilty plea would expose him to a mandatory minimum sentence of two years is not supported by substantial and competent evidence.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* We defer to a trial court's factual findings if supported by substantial and competent evidence in the record. *State v. Porter*, 130 Idaho 772, 789, 948 P.2d 127, 144 (1997).

In denying Crump's motion to withdraw his guilty plea, the district court stated:

> I am familiar with the required standard on appeal examining this type of decision that an appeal from the denial of such a motion to allow the withdrawal of a guilty plea results in the burden being on the moving party--in this case Mr. Crump--to establish that there is a claimed abuse of discretion.
>
> I further recognize that in the proper exercise of discretion, the Court is required to identify the conflicting factors which should bear on the decision and must arrive at a resolution which is based on a well-reasoned consideration of the factors that have been identified.
>
> So what do we have in this situation? We have Mr. Crump who entered a plea of guilty in front of Judge Reinhardt. The issue presented initially--and I'll cover that--is, is there an agreement? Well, there is an agreement. It's a written-- it's a written agreement that appears to me to be written, but the agreement does appear to be ambiguous, at least in certain respects.
>
> If there is ambiguity, which there appears to be, that ambiguity can be clarified by what I'm going to characterize as parts of the oral agreement.
>
> Now, Mr. Crump testified that he knew that he was ineligible for a retained jurisdiction. He testified that he knew that he was facing a fixed term in prison of two years by agreeing to the amended plea agreement. So instead of facing five years in prison as a minimum, he was facing two years in prison as a minimum.
>
> I could go ahead and simply state at this point that he did know what he was getting into when he entered the plea of guilty.

The plea agreement, signed by Crump, indicated the state agreed to amend the charge of trafficking in methamphetamine, carrying a sentence of "5 fixed-Life," to trafficking in methamphetamine by attempted manufacture, carrying a sentence of "2 fixed-15 years." This agreement also indicated the state would limit its sentencing recommendation to a unified term

2

of four years, with a minimum period of confinement of two years.  At the change of plea hearing, the following exchange took place:

> [COURT]     Okay.  So an amended information has been filed in this case charging you, Mr. Crump with trafficking--or attempting to manufacturing a methamphetamine or amphetamine by extracting ephedrine or pseudoephedrine and making it into methamphetamine.
> Do you understand what they say you did?
> [CRUMP]     Yes, sir.
> [COURT]     Is the punishment two to 15 years and a fine from 10 to 50,000?  Is that--
> [PROSECUTOR]     That is correct, Your Honor.
> [COUNSEL]   Yes, sir.
> [COURT]     Okay.  Do you understand that's the maximum punishment that can be imposed in the event that you plead guilty to this offense?
> [CRUMP]     Yes, Your Honor.
> [PROSECUTOR]     And it's a fixed minimum of two.
> [COURT]     Okay.  So that's a fixed two followed by an indeterminate 13.  So two to 15.
> Do you understand that?
> [CRUMP]     Yes, sir.

At the hearing on Crump's motion to withdraw his guilty plea, the following exchange took place:

> [PROSECUTOR]     Okay.  And is it your testimony that [Counsel] never told you that this was a mandatory minimum prison sentence case?
> [CRUMP]     Um, can you repeat that again, please?
> [PROSECUTOR]     Are you telling us that she never once told you that you were looking at a mandatory minimum prison sentence?
> [CRUMP]     She said that I was not eligible for a Rider.  That's what she told me.
> [PROSECUTOR]     Okay.  What did she talk to you about the prison sentence?
> [CRUMP]     Nothing.
> [PROSECUTOR]     Okay.  So she told you, though, you're not eligible for a Rider?
> . . . .
> So if your attorney tells you you are not eligible for a retained jurisdiction, why is it you're here today saying that you thought you were?
> [CRUMP]     Because when I looked at the plea agreement that I signed-- that I was signing, that it didn't say that on there.

3

> [PROSECUTOR]     It didn't say what?
>
> [CRUMP]     That is was a mandatory minimum.
>
> [PROSECUTOR]     Okay. What does "two years fixed" mean to you, sir?
>
> . . . .
>
> [CRUMP]     Two years fixed? That means that I would do two years.
>
> [PROSECUTOR]     Okay. No confusion. Right?
>
> [CRUMP]     Mm-hmm.
>
> [PROSECUTOR]     And when the Judge talked to you at your sentencing hearing or at your plea hearing, he covered that several times. Right?
>
> . . . .
>
> [CRUMP]     Can you repeat it now?
>
> [PROSECUTOR]     At the time that you pled guilty to this offense--
>
> [CRUMP]     Mm-hmm.
>
> [PROSECUTOR]     --the Judge covered the fact that it was a fixed two several times, didn't he?
>
> [CRUMP]     Yeah.
>
> [PROSECUTOR]     You didn't express any confusion, did you?
>
> [CRUMP]     No.

This review of the record demonstrates the district court's factual finding that Crump understood his guilty plea would expose him to a mandatory minimum sentence of two years is supported by substantial and competent evidence. Therefore, Crump has not demonstrated the district court abused its discretion by denying his motion to withdraw his guilty plea. Accordingly, Crump's judgment of conviction for trafficking in methamphetamine by attempted manufacturing is affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

4