# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 41537/41538

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 851 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 11, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MATTHEW ALLAN McKNIGHT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Orders denying motions to withdraw guilty pleas, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

In these consolidated appeals, Matthew Allan McKnight appeals from the district court's denial of his motions to withdraw his guilty pleas. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged McKnight with possession of a stolen vehicle (Docket No. 41537). He pled not guilty and was released on his own recognizance. While released, McKnight was arrested for stealing a woman's child support debit card and was charged with grand theft (Docket No. 41538). McKnight entered into a plea agreement with the State wherein he agreed to plead guilty to the charges in both cases in exchange for the State recommending probation and refraining from filing additional charges. After pleading guilty, he was released on his own recognizance pending sentencing. A presentence report was prepared and filed on January 23, 2013. McKnight failed to appear at his sentencing hearing on February 25. McKnight was

1

eventually arrested pursuant to bench warrants issued by the district court. Subsequently, McKnight moved to withdraw his guilty pleas in both cases. He alleged he was not competent to plead guilty. Before ruling on the motions, the district court granted McKnight's request for a mental health evaluation. The district court held a hearing on the motions to withdraw, and concluded McKnight failed to make the required showing to withdraw his pleas. The district court sentenced McKnight and entered judgments in both cases. McKnight timely appeals.

## II.

## ANALYSIS

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. When moving for a withdrawal of guilty plea prior to sentencing, the defendant bears the burden of proving a just reason for withdrawing the plea, whereas the district court may allow withdrawal of a guilty plea after sentencing only to correct a manifest injustice. Idaho Criminal Rule 33(c);[1] *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004). Even when the motion is presented before sentencing, if it occurs after the defendant has learned the content of the PSI or has received other information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *Mayer*, 139 Idaho at 647, 84 P.3d at 583. In order to be valid, a guilty plea must be voluntary, and voluntariness requires that the defendant understand the nature of the charges to which he or she is pleading guilty. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Mayer*, 139 Idaho at 647, 84 P.3d at 583.

McKnight first argues that the district court applied an incorrect standard of review. The district court concluded its analysis at the motion to withdraw hearing by noting:

---

[1]     Idaho Criminal Rule 33(c) states:
        Withdrawal of plea of guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

2

Moreover, there is an increased showing of good cause in a case like this, where the defendant seeks to withdraw the plea after the presentence report is prepared and knows the recommendation in that report. The recommendation was not a favorable one to Mr. McKnight. Further, where Mr. McKnight failed to show for the sentencing and a bench warrant was issued, he knows that the State is no longer bound by its favorable recommendation and its plea agreement. Those work against a showing of cause as required to withdraw the plea.

McKnight asserts that he was not required to meet the higher standard and argues that the district court abused its discretion because he had not seen the PSI. McKnight attempts to establish that he had not seen the PSI based on his defense counsel's assertion after the court's ruling at the hearing:

Just regarding that first issue, I would like to just state for the record that Mr. McKnight had not seen the presentence report. He had left the area, and I couldn't get ahold of him. He wasn't even aware of the recommendation in the PSI.

The district court acknowledged counsel's representation.

McKnight pled guilty in both cases in November 2012. The PSI was released in January 2013. McKnight failed to appear at the scheduled sentencing hearing set in February 2013. After his arrest, McKnight then filed his motions to withdraw his guilty pleas in May 2013. Even assuming the district court accepted defense counsel's assertion as evidence that McKnight had not seen the PSI, the court acknowledged this information but declined to change its ruling. Counsel's representation addresses the point in time when McKnight absconded prior to the February hearing, but his motions were not filed until May. Ultimately, not only did McKnight potentially learn of the information within the PSI, which was not favorable to him, but he also knew he violated the plea agreement which relieved the State from having to follow the plea agreement. As noted by the district court, this weighed against finding cause warranting a withdrawal of his guilty pleas. McKnight has failed to show the district court applied an incorrect standard. Nonetheless, McKnight failed to establish any just reason to withdraw his pleas.

McKnight argues his plea was involuntary because mental health issues left him unable to fully understand the consequences of the pleas. McKnight challenges the district court's finding that he was competent to understand the consequences of pleading guilty. The competency evaluation stated that "Mr. McKnight does not currently meet the criteria for

3

psychotic disorder, but he may have met the criteria for this diagnosis in the past." McKnight asserts that this statement establishes that he had mental health issues at the time he entered his pleas. It does not. It suggests, at best, that he may have met a diagnostic criteria at some unknown time in the past. The evaluation also stated that "There is some speculation that Mr. McKnight may have Schizoaffective Disorder or some form of Bipolar Disorder . . . I could not establish whether he meets the criteria for either in the past." The evaluation noted that "There is a keyed-up, hyperactive flavor in [McKnight's] presentation which suggests the possibility of a substance-induced disorder which should be ruled out." The report reviewed McKnight's long-term abuse of alcohol, marijuana, and methamphetamine. None of these statements establishes any mental health issues at the time of the pleas. Even if there was some indication of mental health issues at the time, there is no evidence to conclude that any such issues rendered McKnight unable to understand the consequences of pleading guilty. Moreover, the evaluator concluded that McKnight was competent to stand trial and fit to proceed.

At the motion to withdraw hearing, defense counsel asserted that he thought that McKnight had been experiencing a substance-induced psychotic disorder when he had previously met with McKnight and when McKnight entered the guilty pleas. The district court relied on the assessment in the evaluation that McKnight was competent, but also on McKnight indicating at the change of plea hearing that he understood the proceeding. Further, as the State notes, McKnight indicated at the change of plea hearing that he was not under the influence at the time of the plea hearing. Coupled with the information gained by McKnight that the State would not be bound by the plea agreement, the district court concluded McKnight had failed to show sufficient cause to warrant withdrawing his guilty pleas.

### III.

### CONCLUSION

The district court did not abuse its discretion in denying McKnight's motions to withdraw his guilty pleas. Therefore, the orders denying the motions are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

4