# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41412

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 371 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 25, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SANJA ROSE aka TUCAKOVIC, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order denying I.C.R. 33(c) motion to withdraw guilty plea, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Sanja Rose, aka Tucakovic, appeals from the district court's order denying Rose's motion to withdraw her guilty plea pursuant to Idaho Criminal Rule 33(c). Specifically, Rose argues that the district court abused its discretion in denying her motion because her guilty plea was not entered voluntarily. Rose claims she did not understand the consequences of pleading guilty. For the reasons set forth below, we affirm.

Rose pled guilty to aiding and abetting the trafficking of heroin. I.C. § 37-2732B(a)(6). In exchange for her plea, the state agreed to limit its sentencing recommendation to a unified term of eight years, with a minimum period of confinement of three years, and dismiss two unrelated charges for possession of a controlled substance. The district court sentenced Rose to a unified term of seven years, with a minimum period of confinement of three years. Rose filed a

1

motion to withdraw her guilty plea, arguing that her plea was involuntary because she believed she could avoid the mandatory minimum term of confinement. The district court held a hearing on Rose's motion at which she acknowledged that she knew there was a three-year mandatory minimum term. However, Rose believed that the district court could place her on probation or order drug court, based upon discussions she had with her counsel, and she would not be required to serve three years in prison. After the parties submitted written closing argument and presented oral argument, the district court denied Rose's motion. Rose appeals.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c)[1] provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to insure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Manifest injustice will be found if the plea was not taken in compliance with the constitutional due process standards requiring that a guilty plea be entered into voluntarily, knowingly, and intelligently. *State v. Heredia*, 144 Idaho 95, 98, 156 P.3d 1193, 1196 (2007). Accordingly, the determination that a plea is entered

---

[1] Idaho Criminal Rule 33(c) states:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

voluntarily, knowingly, and intelligently involves a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he or she understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his or her rights to a jury trial, to confront his or her accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *State v. Dopp*, 124 Idaho 481, 484, 861 P.2d 51, 54 (1993).

Rose argues that her guilty plea was not voluntary because she did not understand the consequences of pleading guilty. At a hearing on Rose's motion to withdraw her guilty plea, Rose testified that, based upon discussions she had with her counsel, she believed the district court would have retained jurisdiction over her or that, "at worst case scenario," she would be sentenced to participate in a therapeutic community or inpatient rehabilitation program. Rose claims that she did not understand the consequences of pleading guilty because she believed there were alternatives available to the district court other than imposing the three-year mandatory minimum term.

At the hearing on the motion, Rose's trial counsel disputed that Rose had any misunderstanding regarding the consequences of pleading guilty. After stating that he had explained that Rose faced a minimum of three years in prison, Rose's counsel testified.

> [Rose] was so upset and concerned about it. And we had gone over this literally 30, 40, 50 times, her and I, and her and I and other people. And she was just extremely concerned about what this was going to do to her life and that her life was over.

Rose's trial counsel further testified that he explained the difference between mandatory and discretionary sentences to Rose. Rose's trial counsel explained:

> I wrote out the narrative, the difference legally between "shall" and "may," and that the judge did not have discretion. When the law says "shall," that takes the discretion away from the judge. If the law says "may," that means the judge can but is not required to impose a certain sentence.
> In her case under the trafficking statute it says "shall be imposed" and that is how I--I explained it to her many times. And of those many times, four or five of them dealt with the word "shall" and "may" and drawing a distinction between those two.

According to trial counsel's testimony, after counsel explained that the district court was required to sentence Rose to the three-year minimum term, Rose begged counsel to try anything

3

he could for Rose to avoid the three-year minimum. Rose's trial counsel explained that he would make a creative argument, but that it was a "Hail Mary." Because Rose did not understand the reference, her counsel explained a "Hail Mary" as:

> [A] pass that is thrown at the end of the game when you feel like you have nothing to lose. Basically the game is over and there is one in a billion chance that you can do something to overcome the odds and prevail.

At Rose's sentencing hearing, her trial counsel argued that the mandatory minimum language in the statute did not require three years of prison, but that the district court could sentence Rose to three years of probation or an alternate drug treatment program. Ultimately, the district court did not agree that it had the discretion to sentence Rose to anything less than three years in prison. Accordingly, Rose was sentenced to a three-year minimum term of imprisonment.

In addition to Rose's counsel's testimony that he carefully explained to Rose that she faced a mandatory term of imprisonment of three years, there is a plethora of evidence from the record that the district court made Rose aware that she faced the mandatory minimum term of imprisonment of three years. Rose was advised by various judges on numerous occasions that the trafficking charge against her carried with it a mandatory minimum term of imprisonment of three years and that the sentence could be extended to life in prison. The district court determined that no judge or any other person in court suggested that Rose would receive probation, drug court, or retained jurisdiction. Rose's understanding that she faced a minimum mandatory term of three years of imprisonment is further evidenced by her signed guilty plea advisory form. In that form, Rose acknowledged that the mandatory minimum term for trafficking in heroin was three years.

Based upon the abundance of evidence from multiple sources to the contrary, there is no error in the district court's finding that Rose failed to show that she did not understand the consequences of pleading guilty. Thus, Rose failed to show that a manifest injustice occurred. Therefore, the district court's order denying Rose's I.C.R. 33(c) motion to withdraw her guilty plea is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.

4