**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41796**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 484 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 11, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JULIAN MARTIN VALENCIA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying motion to withdraw guilty plea, <u>vacated</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Julian Martin Valencia appeals from the district court's denial of his motion to withdraw his guilty plea. We vacate the order and remand for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Valencia with battery with intent to commit a serious felony, Idaho Code § 18-911. In a separate case, Valencia was charged with three counts of felony no-contact order (NCO) violations, I.C. § 18-920(3). Pursuant to a plea agreement, Valencia entered an *Alford*[1] plea to the battery charge and in exchange, the State dismissed the remaining charges and agreed to recommend a sentence of four years determinate with the indeterminate time to be left open for argument. The district court then ordered Valencia to undergo a presentence

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

investigation (PSI) and a psychosexual evaluation (PSE), which were prepared and filed on September 10, 2013, and September 27, 2013, respectively.

On September 25, 2013, Valencia's trial counsel filed a motion for leave to withdraw as counsel of record, stating that "[Valencia] has requested counsel to file a motion to withdraw his guilty plea on the premise of ineffective assistance of counsel. [Valencia] claims that counsel has failed to properly advise him of potential consequences thus rendering his plea involuntary and unknowing." Prior to the hearing on the motion, Valencia sent an ex parte letter to the court requesting a change of plea. In the letter, Valencia stated "I did speak with my attorney on September 16th, 2013 to discuss all matters" and requested a change of plea on the basis of "Inadequate Counsel." Following a hearing, the district court granted counsel's motion to withdraw and appointed the public defender's office to represent Valencia.

Before his sentencing hearing, Valencia, through appointed counsel, filed a motion to withdraw his guilty plea. In his motion, he asserted that he felt "his prior counsel misled him which led him to enter a guilty plea" and he did not feel that he "committed the crime as alleged." He also argued that the State would not be prejudiced by the withdrawal of his plea as the case could be reset for trial. At the hearing on the motion to withdraw his plea, Valencia's appointed counsel argued that Valencia's former counsel made erroneous representations to him regarding Idaho's persistent violator statute. Specifically, he argued that Valencia's former counsel caused him to erroneously believe he could be subject to the persistent violator enhancement if he did not accept the offered plea agreement. The district court denied the motion. The district court imposed a unified ten-year sentence, with four years determinate. Valencia timely appeals.

## II.

## ANALYSIS

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. When moving for a withdrawal of guilty plea prior to sentencing, the defendant bears the burden of proving a just reason for withdrawing the

2

plea, whereas the district court may allow withdrawal of a guilty plea after sentencing only to correct a manifest injustice.  Idaho Criminal Rule 33(c);[2] *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004).  Even when the motion is presented before sentencing, if it occurs after the defendant has learned the content of the PSI or has received other information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive.  *Mayer*, 139 Idaho at 647, 84 P.3d at 583.  In order to be valid, a guilty plea must be voluntary, and voluntariness requires that the defendant understand the nature of the charges to which he or she is pleading guilty.  *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Mayer*, 139 Idaho at 647, 84 P.3d at 583.

We note, first, that it is unclear what standard the district court applied to the motion to withdraw.  In its ruling, the district court identified the dates that the PSI and the PSE were filed and stated that:  "The motion to withdraw the guilty plea was only filed after a very negative psychosexual evaluation was performed and a presentence investigation report that recommended prison."  That statement clearly suggests that the court was implicitly tempering its liberality by weighing Valencia's apparent motive.  Yet, as noted above, Valencia was raising the desire to file a motion to withdraw at least before the PSE was filed.  Valencia argues that, because the PSE is to be attached to the PSI by virtue of Idaho Criminal Rule 32(b)(10), he could not have seen the PSI prior to the first time the record indicates he expressed a wish to withdraw his guilty plea.  While we do not necessarily believe that conclusion follows from the facts of this case, nonetheless, the district court did not make explicit findings in that regard or as to the standard of liberality being applied.

At the motion to withdraw hearing, Valencia claimed that he was misled regarding the possibility of a sentencing enhancement being filed against him.  He argued that part of the reason he pled guilty was to avoid being subject to the persistent violator statute.  In regard to the question of whether a persistent violator issue was part of the plea agreement, the following exchange occurred:

---

[2]    Idaho Criminal Rule 33(c) states:
> Withdrawal of plea of guilty.  A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

| JUDGE: | It appears, at least in looking at the minute entry, there was never any threat by the State to file the persistent violator because that was not part of the plea agreement. |
|---|---|
| [PROSECUTOR]: | That's correct. It was not part of the plea agreement. |

However, it appears that the district court may have been operating under a mistake of fact in ruling on the motion to withdraw. At the time of the plea, in his guilty plea advisory form, in response to the question of whether any promises had been made to him which had influenced his decision to plead guilty, Valencia wrote "plea agreement & no file persistent" and "dismiss 3 counts felony NCO." Also, at Valencia's change of plea hearing, when the district court asked him if any other promises had been made to him in exchange for his plea, the following interaction occurred:

| [VALENCIA]: | Just the fact that persistent violator won't be filed. |
|---|---|
| JUDGE: | Okay. Is that part of the agreement? |
| [PROSECUTOR]: | Yes, Judge. |
| JUDGE: | Okay. That's on the record also. |

We are unable to reconcile these apparently conflicting statements as to whether a persistent violator issue was or was not part of the plea agreement. The circumstances presented by our record are unclear. In its ruling on the motion, the district court did not address whether a persistent violator waiver was part of the plea agreement[3] or whether counsel affirmatively advised that Valencia could be subject to the enhancement.[4] Consequently, we are unable to

---

[3]    On appeal, the parties debate whether Valencia could legally have been subject to a persistent violator enhancement. As noted, this was not addressed by the district court and we will not, in the first instance, address the issue in application of the particular facts of this case.

[4]    The district court ruled as follows:

The Court has considered this matter, does note that prior counsel withdrew on September 25th of this year. The presentence investigation report was filed with the Court on September 10, 2013. The psychosexual evaluation was filed September 30, 2013. Defendant's motion to withdraw the guilty plea was not filed until after the public defender had the case again after that, but certainly the presentence investigation report and the psychosexual evaluation were available for review prior to those times. The motion to withdraw the guilty plea was only filed after a very negative psychosexual evaluation was performed and a presentence investigation report that recommended prison.

At the time defendant entered his guilty plea, he was aware the State would be recommending four fixed followed by an undetermined amount of tail

4

determine the import of the potential factual discrepancy, make no comment thereon, and remand to the district court for further proceedings.

Accordingly, we vacate the district court's order denying Valencia's motion to withdraw his guilty plea and remand for further proceedings.

Chief Judge MELANSON and Judge LANSING **CONCUR.**

---

on that sentence. He reserved the right to argue for a lesser offense at the time he entered that plea.

This Court does believe that there is prejudice to the State, specifically prejudice to the victim in this case thinking this matter had reached a resolution and the sentence was going forward.

And if the Court were to allow withdrawal of the plea, given the length of time that this has been pending, the fact that the public defender previously represented the defendant with regard to these charges, the Court in its discretion is going to deny defendant's motion to withdraw the guilty plea.

5