## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45533

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

JOHN JAMES KRAMER,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  September 14, 2018

Karel A. Lehrman, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County.  Hon. Scott L. Wayman, District Judge.

Order denying motion to withdraw guilty pleas, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

John James Kramer appeals from the district court's denial of his motion to withdraw his guilty pleas.  We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The State charged Kramer with eight counts of possession of sexually exploitative material.  After an issue as to Kramer's mental capacity arose, the district court granted a motion for a competency evaluation to determine Kramer's mental capacity and fitness to proceed.  The Idaho Department of Health and Welfare filed a report outlining its findings that Kramer did not have a mental disorder or developmental disability that would preclude his ability to understand the nature and potential consequences of the charges against him or inhibit his ability to assist in his defense.  Subsequently, Kramer entered into a plea agreement with the State wherein he agreed to plead guilty to four counts of possession of sexually exploitative material in exchange

1

for dismissal of the four remaining counts. The agreement also stipulated that the State would recommend the sentence of a unified term of six years with one and one-half years determinate on each count, to be served concurrently. Kramer entered a guilty plea to Counts I, II, VII, and VIII. Thereafter, Kramer moved to withdraw his guilty pleas. He alleged a lack of understanding when he entered his guilty pleas. The district court held a hearing on the motion to withdraw and concluded that Kramer failed to make the required showing to withdraw his pleas. The district court sentenced Kramer and entered judgment. Kramer timely appeals.

## II.

## ANALYSIS

On appeal, Kramer argues that the district court abused its discretion when it denied his motion to withdraw his guilty pleas. The State contends that the district court was correct in denying Kramer's motion because Kramer failed to carry his burden of showing either a constitutional defect, or just cause to withdraw his guilty pleas. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing a "just reason" exists to withdraw the plea. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). Once the defendant has met this burden, the State may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *Id.* Kramer's guilty pleas were made before sentence was imposed and therefore, Kramer has the burden to show either a constitutional defect in his pleas, or there was a just reason to withdraw his pleas.

First, Kramer asserts that he had a lack of understanding when entering his pleas that rose to the level of a constitutional defect. Second, Kramer asserts that even if his lack of understanding did not rise to a constitutional defect, it nonetheless was a "just reason" to withdraw his guilty pleas. "The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. If the plea is constitutionally valid, the court must then determine whether there are any other just reasons for withdrawal of the plea." *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008) (citation omitted). In order to determine that the plea was entered into knowingly,

2

intelligently, and voluntarily, the defendant must have (1) understood the nature of the charges and was not coerced, (2) knowingly and intelligently waived his or her rights, and (3) understood the consequences of pleading guilty. *State v. Williston*, 159 Idaho 215, 218, 358 P.3d 776, 779 (Ct. App. 2015).

Reviewing the record as a whole, Kramer's pleas were made knowingly, voluntarily, and intelligently. During the hearing on Kramer's motion to withdraw his pleas, trial counsel asserted that Kramer's girlfriend stated that she and Kramer did not "really understand[] what he was getting into" and "[t]heir understanding was that the sentencing would be a six month sentence." Counsel also offered that Kramer believed the court and the prosecutor were against him. Additionally, letters from a mental health therapist and a case manager filed in support of Kramer's motions expressed concern with Kramer's ability to comprehend information and advocate on his own behalf. On appeal, Kramer points to the plea colloquy to show his lack of understanding. During the plea colloquy, Kramer stated that he has a learning disability and has difficulty reading, writing, and understanding the English language. Contrary evidence shows that Kramer understood the consequences of his guilty pleas. The pretrial settlement offer was detailed. It was signed by Kramer and it set forth the nature of the charges, the rights being waived, and the consequences of pleading guilty. During the plea colloquy, trial counsel informed the court that the pretrial settlement offer had been read out loud to Kramer before the change of plea hearing. Nonetheless, the district court reviewed every count again with Kramer to ensure he understood the charges. Kramer answered in the affirmative when asked if he understood the charges, the rights being waived, and the consequences of pleading guilty. Kramer stated that he was not on any medications during the plea colloquy. The district court informed Kramer that "if at any time you don't [understand], just raise your hand and let me know." Later during the colloquy, the judge reiterated that Kramer was free to inform the court if he did not understand, and at no time did Kramer do so. The district court considered all of this evidence when deciding to deny Kramer's motion to withdraw his guilty pleas. Lastly, the district court considered conflicting evidence on Kramer's mental health to determine that Kramer was competent and his pleas were made knowingly and voluntarily. The district court considered Kramer's competency evaluation and weighed that against the letters submitted by Kramer. In doing so, the district court stated,

> So we have somewhat what I will call a difference of opinion regarding the intellectual abilities or capabilities of Mr. Kramer. We have the evaluation committee who found [Kramer] competent to proceed . . . . We have the counselors that he has been working with indicating that he does not grasp the gravity of a situation or the charges that have been brought against him. . . .
>
> In reviewing the material that I have in the file here, there is somewhat of a conflict but I don't find that there is enough of a conflict that creates just cause or good cause to allow the plea to be withdrawn.

Although conflicting evidence in the record exists as to Kramer's mental capabilities, there are ample facts in the record that support the district court's finding that Kramer did not have a lack of understanding and his guilty pleas were made knowingly, intelligently, and voluntarily.

Further, the district court held that no just reason existed to grant Kramer's motion to withdraw his guilty pleas. For the reasons set forth above, we agree. Finally, because Kramer fails to show a constitutional defect or just reason for withdrawal of his guilty pleas, we need not address the issue of prejudice. Having reviewed the record, we conclude that the district court did not abuse its discretion in denying Kramer's motion to withdraw his guilty pleas.

## III.

## CONCLUSION

The district court did not abuse its discretion in denying Kramer's motion to withdraw his guilty pleas. Therefore, the order denying Kramer's motion is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

4