**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45611**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 7, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CARL FRANK BOISSERANC, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Carl Frank Boisseranc appeals from the district court's denial of his motion to withdraw his guilty plea. Boisseranc argues that the district court abused its discretion in denying his motion because he presented a just reason to withdraw his plea. Specifically, Boisseranc asserts that he would not have pled guilty had he known that being on probation may prevent him from gaining employment as a long-haul truck driver. For the reasons set forth below, we affirm the district court's denial of Boisseranc's motion to withdraw his guilty plea.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Boisseranc is a registered sex offender. Consequently, Boisseranc is required to notify the sheriff's department of any change in address. After learning that Boisseranc no longer resided at his registered address, the State charged Boisseranc with felony failure to notify of an

1

address change pursuant to Idaho Code § 18-8309 and included a persistent violator enhancement. Subsequently, Boisseranc entered into a plea agreement with the State wherein he agreed to plead guilty to felony failure to notify of his address change in exchange for dismissal of the persistent violator enhancement. The agreement stipulated that the State would recommend a sentence of two years of probation with only the first year supervised. The agreement also included a provision stating that the court would include in the judgment that it did not object to the defendant seeking a work trip permit. Thereafter, Boisseranc moved to withdraw his guilty plea. He alleged a lack of understanding when he entered his guilty plea. The district court held a hearing on the motion to withdraw and concluded that Boisseranc failed to make the required showing to withdraw his plea. The district court sentenced Boisseranc to a unified term of two years with one year determinate, suspended the execution of the sentence, and placed Boisseranc on supervised probation for two years. Boisseranc timely appeals.

## II.

## ANALYSIS

On appeal, Boisseranc argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea. The State contends that the district court was correct in denying Boisseranc's motion because Boisseranc failed to carry his burden of showing either a constitutional defect, or just cause to withdraw the guilty plea. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id*. Presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing a "just reason" exists to withdraw the plea. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). Once the defendant has met this burden, the State may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *Id*. Boisseranc's guilty plea was made before sentence was imposed and therefore, Boisseranc has the burden to show either a constitutional defect in his plea, or a just reason to withdraw his plea.

Boisseranc concedes that his lack of understanding does not rise to the level of a constitutional defect, but Boisseranc argues that a just reason for withdrawal exists because he did not fully understand how the plea would impair his ability to obtain future employment as a

2

long-haul truck driver.[1]  "The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made.  If the plea is constitutionally valid, the court must then determine whether there are any other just reasons for withdrawal of the plea."  *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008) (citation omitted).  "The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution."  *Dopp*, 124 Idaho at 485, 861 P.2d at 55.

The district court did not abuse its discretion in denying Boisseranc's motion to withdraw his plea.  At the hearing on his motion to withdraw, the only argument Boisseranc presented in support of his motion was that he learned from various sources, after signing the plea agreement and entering his guilty plea, that it was unlikely for him to be a long-haul truck driver while on felony probation.  However, Boisseranc conceded that when he entered the plea agreement, he understood he was not guaranteed a work trip permit, but he "could only trust and believe" that he would get a work trip permit.  After weighing the evidence presented at the hearing, the district court found no just reason for withdrawal existed.  Although Boisseranc alleged that he had made a phone call two years prior to a Texas trucking company seeking employment, the district court found that no application had been made, and employment had not occurred.  The district court stated, "assuming that Mr. Boisseranc's fears are realized that he might not get a trip permit, the court is not inclined to find that those circumstances would constitute just cause for withdrawing the guilty plea."  The district court continued:

> I do find that just cause for withdrawing the guilty plea has not been made. I find that Mr. Boisseranc knew what he was doing. . . .  I am confident that Mr. Boisseranc knew what he was doing, based on the fact that he told me that he knew what he was doing, that it was his desire to enter into the agreement, that it was his signature on the agreement, and that we had gone over the terms of the agreement together.

The district court exercised sound judicial discretion in denying Boisseranc's motion to withdraw his guilty plea.  Boisseranc failed to present and support a plausible reason for withdrawal.  Boisseranc's argument rests on the claim that he would not have pled guilty had he known that being on probation may prevent him from gaining employment as a long-haul truck

---

[1] In addition, Boisseranc expresses concern that Idaho courts have not directly addressed whether effects on employment are a direct or collateral consequence of a plea.  However, because Boisseranc concedes that his lack of understanding does not rise to the level of a constitutional defect, we need not address his constitutional concern.

driver. However, ample evidence in the record, including Boisseranc's own testimony, demonstrates that Boisseranc did not have a lack of understanding when he entered his guilty plea. Additionally, one phone call seeking an employment opportunity, made two years prior to entering a guilty plea, is not a just reason to withdraw. Finally, because Boisseranc has failed to show a constitutional defect or just reason for withdrawal of his guilty plea, we need not address the issue of prejudice. Having reviewed the record, we conclude that the district court did not abuse its discretion in denying Boisseranc's motion to withdraw his guilty plea.

## III.
## CONCLUSION

The district court did not abuse its discretion in denying Boisseranc's motion to withdraw his guilty plea. Therefore, the order denying Boisseranc's motion is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.